```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------

EDWARD PADILLA,

                Plaintiff,           12 Civ. 289 (JGK)

    -against-                   MEMORANDUM OPINION AND
                                        ORDER OF SERVICE

WESTCHESTER COUNTY, et al.,

                Defendants.

------------------------------------------------------------

JOHN G. KOELTL, District Judge:

     The plaintiff, who was until recently incarcerated at Westchester County Department of Correction, brings this pro se action, pursuant to 42 U.S.C. § 1983, alleging that he was subjected to harassment and assault, and denied adequate medical care and access to his law library in violation of his civil rights, while he was incarcerated.

I.

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480

F.3d 636, 639 (2d Cir. 2007).  While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

**II.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that:  (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

The plaintiff's allegations that the Westchester County Department of Correction violated his constitutional rights are insufficient to state a claim under 42 U.S.C. § 1983, and must be dismissed.  The Westchester County Department of Correction is an administrative arm of Westchester County, and "administrative arms of municipalities 'do not have a legal identity separate and apart from the municipality, and cannot sue or be sued.'"  Carroll v. City of Mount Vernon, 707 F. Supp. 2d 449, 451 n.2 (S.D.N.Y. 2010) (quoting Warner v. Village of

2

Goshen Police Dep't, 256 F. Supp. 2d 171, 175-76 (S.D.N.Y. 2003)); see Smith v. Westchester County, 769 F. Supp. 2d 448, 455 (S.D.N.Y. 2011) ("[W]here both the municipality and the municipal agency have been named as defendants, courts have dismissed the claims against the agency.") (collecting cases).

## CONCLUSION

The Court dismisses the plaintiff's claims against the Westchester Department of Correction for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to issue a Summons as to Defendants Westchester County; Medical Department Dir Yozzo; Admin. Warden Anthony Amicucci; Warden Ernest Lewis; Captain Beth Ehren; Corrections Officer Claudio Lope Jr., Shield #1460; Captain Randy Watkins; Sergeant Sandra Boyd, Shield # 83; Sergeant Coley Adrian, Shield #27; Sergeant Christopher Jacobs, Shield #83; Sergeant Vincent Palomba, Shield # 202; Sergeant Karim Haspil, Shield #116s; Corrections Officer Harold Macdonald, Shield #761; Corrections Officer Alexander Davis; Sergeant Patrick Morris, Shield #89; Corrections Officer Scott Crerand, Shield #1418; and Corrections Officer Abraham.  The plaintiff is directed to serve the Summons and Complaint on the defendants within 120 days of the issuance of the Summons.  If service has not been made within the 120 days, and the plaintiff

has not requested an extension of time to serve within that 120 days, the Complaint may be dismissed for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    New York, New York
          March 1, 2012

John G. Koeltl
United States District Judge

4