```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

EDWARD PADILLA,

                    Plaintiff,              12 Civ. 289 (JGK)

        - against -                          MEMORANDUM OPINION AND
                                             ORDER
WESTCHESTER COUNTY, ET AL.,

                    Defendants.
_____
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Edward Padilla, proceeding pro se, has filed an application for the Court to request pro bono counsel. The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits. See Hodge, 802 F.2d at 60-61. If the plaintiff satisfies these requirements, the Court must next consider other factors appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly

conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).

The plaintiff filed a request to proceed in forma pauperis when he filed this action. When he filed his application for the Court to request counsel, he affirmed that his financial status had not changed. Based on the plaintiff's applications, the Court finds that he qualifies as indigent under Hodge.

The plaintiff has made sufficient allegations that his claim has substance or a likelihood of success on the merits to warrant granting the plaintiff's application. Moreover, the other relevant factors also weigh in favor of granting the plaintiff's application. The plaintiff lacks ready access to facilities that would enable him to conduct factual investigation and is ill-equipped to handle the complex legal issues presented by the case without the assistance of counsel.

The plaintiff's application for the Court to request counsel is therefore **granted.** Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent plaintiff. Nevertheless, this litigation will progress at a normal pace.

SO ORDERED.

Dated: New York, New York
6/29, 2012

John G. Koeltl
United States District Judge